In the United States District Court
for the Southern District of Ohio
Western Division

| | |
|---|---|
| Nathan Howard, *et al.*, | |
| *On Behalf Of Himself And Those Similarly Situated*, | Case No. 1:19-cv-222 |
| Plaintiff, | Judge Matthew W. McFarland |
| v. | Magistrate Judge Karen L. Litkovitz |
| Southern Ohio Pizza, Inc., *et al.*, | |
| Defendants. | |

Plaintiff's Unopposed Motion for Final Settlement Approval

Plaintiff asks that the Court grant final approval of the parties' Settlement Agreement, Doc. 33-1, order the parties to carry out the terms of the Settlement Agreement, and dismiss the case with prejudice. The Settlement Agreement resolves the collective and class-wide claims raised in this lawsuit.

Respectfully submitted,

/s/ Andrew Kimble
Andrew R. Biller
Biller & Kimble, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620

1

abiller@billerkimble.com

Andrew P. Kimble
Philip J. Krzeski
BILLER & KIMBLE, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 202-0710
Facsimile: (614) 340-4620
akimble@billerkimble.com
pkrzeski@billerkimble.com
www.billerkimble.com

*Counsel for Plaintiff and the collective/class*

Memorandum in Support of Plaintiff's
Unopposed Motion for Final Settlement Approval

On March 4, 2020, the Court granted preliminary approval of the parties' Rule 23 class/FLSA collective action settlement, and ordered the Parties to distribute Notice of the Settlement to the class. *See* Order, Doc. 36.

The Notice process is now complete. Of the 813 pizza delivery drivers who make up the Rule 23 Subclass, not a single Class Member objected or opted out. Of the 544 pizza delivery drivers who make up the FLSA Subclass, 134 (24.6%) returned claim forms to take part in the settlement. Exhibit 1, Declaration of Andrew Kimble ("Kimble Decl.), ¶ 22.

The Parties now seek an order (1) granting final approval of the Settlement Agreement previously filed as Doc. 33-1 as fair, reasonable and adequate; (2) certifying this case as an FLSA collective action and Rule 23 class action for settlement purposes; (3) approving the requested award of attorneys' fees and costs; (4) approving the service award; (5) dismissing the action with prejudice; and (6) ordering the parties to carry out the remaining terms of the Settlement Agreement.

1. **Background of the Lawsuit, Claims, and Settlement.**

In Plaintiff's Motion for Preliminary Settlement Approval (Doc. 33), Plaintiff detailed the claims asserted in this lawsuit, the course of the litigation, the settlement negotiations and considerations, the two settlement subclasses (FLSA and Rule 23), the scope of the release of claims, and the terms of the settlement. Plaintiff incorporates that Motion herein in its entirety.

Because Plaintiff incorporates the Motion for Preliminary Approval, he will not recount the details of his claims and the settlement in the present Motion. In summary, Plaintiff alleges that Defendants, operators of a Domino's franchisee, underpay their pizza delivery drivers because they do not adequately reimburse for automobile-related expenses incurred for Defendants' benefit. Plaintiff also alleges that, for part of the settlement period, the delivery drivers were paid a tipped wage rate while working inside the stores completing non-tipped duties. Plaintiff alleges that these practices violate the Fair Labor Standards Act, the Ohio Constitution, Article II, Section 34a, the Ohio Minimum Fair Wage Standards Act, and the Ohio Prompt Pay Act. Defendants claim that they have properly reimbursed the delivery drivers and paid all wages due. Defendants deny that this matter is appropriate for certification as an FLSA collective action and a Rule 23 class action, but have agreed to the same for settlement purposes only.

The parties' settlement resolves the claims asserted in the lawsuit on behalf of two subclasses of delivery drivers for a total of $1,060,000, inclusive of attorney's fees, expenses, and service awards. Doc. 33-1. The two subclasses are defined as follows:

- The Rule 23 Subclass consists of all delivery drivers who worked for Defendants from February 8, 2018 to November 15, 2019.
- The FLSA Subclass consists of all delivery drivers who worked for Defendants prior to February 8, 2018, but who did not release their FLSA claims as part of an earlier settlement of the same claims[1], and who returned a valid claim form during the notice period.

---

[1] *Mullins v. S. Ohio Pizza, Inc.*, No. 1:17-cv-426, 2019 WL 275711, at *7 (S.D. Ohio Jan. 18, 2019) (granting final settlement approval).

On March 4, 2020, the Court granted preliminary approval of the parties' Settlement Agreement. Doc. 36. The parties have completed the Notice process, and seek final approval of the settlement.

**2. The Notice Process, Settlement Award Calculations, and Administration Schedule**

Pursuant to the Settlement Agreement, the parties retained a Settlement Administrator, CAC Services Group, LLC (the "Administrator"), to complete the Notice process.

The Administrator sent the Notice by first class mail to 1,294 Class Members, and on February 26, 2020, Defendants sent CAFA notices to the appropriate government officials. Of those, 813 None of the Class Members opted out of the settlement or objected to the settlement. Seventy-five (75) notices were returned as undeliverable, and were not able to be forwarded or re-sent, despite the Administrator's efforts to locate updated addresses for them. *See* Ex. 2, Claims Administrator Status Report.

The settlement fund is divided among the class members based on the number of miles they drove during their employment. There are 813 members of the Rule 23 Subclass. The Rule 23 Subclass will share a settlement fund of $928,000 on a *pro rata* basis based on the number of miles they drove during the Rule 23 Subclass settlement period. Doc. 33-1, ¶ 3.D. After subtracting attorneys' fees, costs, and Plaintiff's service award, the Rule 23 Subclass will receive an average of $734.68 each, and will release their state and federal claims during the Rule 23 Subclass period. This works out to an average of approximately $.13 per mile driven by each class member. *See* Kimble Decl., ¶¶ 14-15.

Of the 544 individuals who were eligible to be part of the FLSA Subclass, 134 delivery drivers returned a claim form. The FLSA Subclass will share a settlement fund of $132,000 on a

*pro rata* basis based on the number of miles they drove during the FLSA Subclass settlement period (March 26, 2016 to February 8, 2018). Doc. 33-1 at ¶ 33.E. After subtracting attorneys' fees, costs, and Plaintiff's service award, the FLSA Subclass will receive an average of $634.03 each, and will release their FLSA claims that arose before February 8, 2018 (their state law claims have already been released as part of *Mullins*). This works out to an average of approximately $.07 per mile driven by each class member. Kimble Decl., ¶¶ 16-17.

According to the terms of the Settlement Agreement, within 14 days of Final Approval, the Administrator will calculate final settlement awards, based on the Court's Order. Doc. 33-1, ¶ 7.I. Within 30 days of Final Approval, Defendants will fund the Qualified Settlement Fund. *Id*. at ¶ 7.J.

Within 31-40 days after Final Approval, the Administrator will mail the settlement awards to the class. *Id*. at ¶ 7.K. If checks are returned as undeliverable, the Administrator will attempt to contact the class member to obtain an updated address. *Id*. at ¶ 7.N.

Within 30 days of the mailing of the settlement checks, the parties will file a Stipulation of Dismissal with the Court. *Id*. at ¶ 7.L.

The Settlement Agreement provides for any member of the FLSA Subclass who submits a claim form after the Court grants Final Approval to participate in the settlement as long as their claim has not already expired due to the running of their statute of limitations. Doc. 33-1, ¶ 3.G. FLSA Subclass members can submit a late claim form up until February 9, 2021. *Id*. Finally, the Settlement Agreements also provides that any Rule 23 Subclass member who fails to cash their check before it expires can request another check from the claims administrator until November 16, 2022. *Id*. at 3.F. If any funds remain in either fund after the close of the QSFs, they will *cy pres*

to Domino's Partners Foundation. *Id.* at 3.F. and G. The Court shall also retain jurisdiction to enforce the terms of the Settlement Agreement. *Id.* at 3.L.

**3. Class Action Settlement Procedure**

The Rule 23 class action settlement procedure includes three distinct steps:

1. Preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval;

2. Dissemination of mailed and/or published notice of settlement to all affected Class Members; and

3. A final settlement approval hearing at which Class Members may be heard regarding the settlement, and at which arguments concerning fairness, adequacy, and reasonableness of the settlement may be presented.

*See* Fed. R. Civ. P. 23(e); *see also* Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("Newberg") §§ 11.22, *et seq.* (4th ed. 2002). This process safeguards Class Members' procedural due process rights and enables the Court to fulfill its role as a guardian of the class's interest. With this Motion, Plaintiff requests that the Court take the final step—approval of the Settlement Agreement, certifying the class and collective action for settlement purposes.

**4. The Settlement is fair, reasonable, and adequate, and should be approved by the Court.**

The Sixth Circuit adheres to the "federal policy favoring settlement of class actions." *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 632 (6th Cir. 2007); *see also Aro Corp. v. Allied Witan Co.*, 531 F.2d 1268, 1372 (6th Cir. 1976) ("Public policy strongly favors settlement of disputes without litigation."). Rule 23(e) requires court approval for a class action settlement so that it is procedurally and substantively fair, reasonable, and adequate. FED.R.CIV.P.23(e).

In the Sixth Circuit, district courts consider seven factors in determining whether a class settlement is fair, reasonable, and adequate: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties, (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Brandenburg v. Cousin Vinny's Pizza, LLC*, No .3:16-cv-516, 2019 WL 6310376, *2 (S.D. Ohio Nov. 25, 2019) (citing *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)); *Mullins v. Southern Ohio Pizza, Inc.*, No. 1:17-CV-426, 2019 WL 969616, at *2 (S.D. Ohio Jan. 18, 2019); *Arledge v. Domino's Pizza, Inc.*, No. 3:16-CV-386, 2018 WL 5023950, at *1-2 (S.D. Ohio Oct. 17, 2018).

In his Motion for Preliminary Settlement Approval, Plaintiff explained why the parties' settlement is a fair, reasonable, and adequate resolution of the claims asserted in this lawsuit under six of the seven factors listed above. Doc. 33. Plaintiff also explained that the settlement is (1) the product of a bona fide dispute, (2) fair, reasonable, and adequate, and (3) reached through arms-length negotiation. *Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012).

The Court, in its Order granting preliminary approval, held that the proposed settlement fell within the "range of reasonableness." Doc. 36, PageID 305.

The one remaining factor identified above—the reaction of absent class members—is now ripe for consideration. None of the Class Members have objected to the Settlement Agreement. Nor have any of the Class Members opted out of the Settlement Agreement. As a result, like the other six factors, this factor support granting approval of the settlement.

Because all seven factors favor approval, the Court should grant final approval. *See also, e.g., Brandenburg*, 2019 WL 6310376, *4; *Mullins*, 2019 WL 275711, at *7; *Arledge v. Domino's Pizza, Inc.*, No. 3:16-cv-386, 2018 WL 5023950, at *6 (S.D. Ohio Oct. 17, 2018); *Casteel v. Antonio's Pizza, Inc.,* No. 1:18-cv-1277, Doc. 52 (N.D. Ohio May 17, 2019); *Young v. Rolling in the Dough*, No. 1:17-cv-7825, 2020 WL 969616, **3-4 (N.D. Ill. Feb. 27, 2020); *Chrismon v. Meadow Greens Pizza*, No. 5:19-cv-155, 2020 WL 3790866, *4 (E.D.N.C. Jul. 7, 2020).

5. **Certification of the Settlement Class is Appropriate.**

Plaintiff explained in detail why Rule 23 class certification is appropriate in his Motion for Preliminary Approval, and incorporates those arguments herein. *See* Doc. 33, PageID 244-52. In its Order granting preliminary approval, this Court agreed that the proposed class contemplated by the parties' settlement agreement met the requirements for class certification under Rule 23. Doc. 36, PageID 304-05. Since then, notice of the settlement has been disseminated to the class, and none of the Class Members have opted out or objected to the settlement. It is appropriate for the Court to grant final certification of the Settlement Class.

6. **The payment of attorneys' fees and costs is reasonable.**

In its Order granting preliminary approval, the Court provisionally approved Plaintiff's Counsel's request for attorneys' fees and costs. Doc. 36, ¶ 307. The Court then explained that "[t]he fees and costs will be approved after the final hearing occurs, taking into account any objections." *Id*. The Notice period is complete and no Class Members have objected to Plaintiff's Counsel's requested attorneys' fees and costs.

Courts in the Sixth Circuit examine the reasonableness of a fee request through a percentage of recovery analysis. *Brandenburg,* 2019 WL 6310376, *5. Plaintiff's Counsel applies

9

for one-third of the settlement fund, or $353,333. This fee award is in line with awards in the Sixth Circuit in similar cases. "One-third of the common fund is a reasonable attorneys' fee award 'and has been approved in similar FLSA collective actions . . . .'" *Osman v. Grube, Inc.*, No. 3:16-cv-802, 2018 WL 2095172, at *3 (N.D. Ohio May 4, 2018); *see also, e.g., Brandenburg*, 2019 WL 6310376, *5; *Thorn v. Bob Evans Farm*, No. 2:12-cv-00768, 2016 WL 8140448, at *2 (S.D. Ohio Feb. 26, 2016) (awarding 32.92% of common fund); *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 WL 4574509, at *8 (N.D. Ohio Sept. 20, 2019) (stating "33% is typical for attorney's fees in common fund, FLSA collective actions in this District…").[2]

A lodestar cross-check is not required. *Brandenburg*, 2019 WL 6310376, *6; *Dillow v. Home Care Network, Inc.*, No. 1:16-cv-612, 2018 WL 4776977, *6 (S.D. Ohio Oct. 3, 2018). Nor would a lodestar cross-check make sense in this specific case. This settlement must be measured in the

---

[2] *See, e.g., In re Foundry Resins Antitrust Litig.*, No. 04-MDL-1638 (S.D. Ohio Mar. 31, 2008) (order awarding a fee of 33 1/3% of a $14.1 settlement); *In re Packaged Ice Antitrust Litig.*, Case No. No. 08-MDL-01952, 2011 WL 6209188, at *19 (E.D. Mich. Dec. 13, 2011) ("Importantly, the requested award of close to 30% appears to be a fairly well-accepted ratio in cases of this type and generally in complex class actions.") (Internal citations omitted); *In re Skelaxin Antitrust Litig.*, Case No. 2:12-cv-83, 2014 WL 2946459, at *1 (E.D. Tenn. June 30, 2014) (finding "the requested counsel fee of one third is fair and reasonable and fully justified."); *Thacker v. Chesapeake Appalachia, LLC*, 695 F. Supp. 2d 521, 528 (E.D. Ky. 2010) ("Using the percentage approach, courts in this jurisdiction and beyond have regularly determined that 30% fee awards are reasonable."); *Kimmel v. Venture Construction Co.*, Case No. 1:10-cv-01388-RLV (N.D. Ga. 2010) (Dkt. 70) (approving 30% of common fund as attorneys' fees and costs); *Moultry v. Cemex, Inc.*, Case No. 8:07-cv-00453- MSS, Dkt. 145 (M.D. Fla. 2008) (awarding 32.25% of common fund as attorneys' fees); *Kemper v. Rent-A-Center, Inc.*, Case No. 4:00-cv-00435-RH-WCS, Dkts. 14-15 (N.D. Fla. 2000) (awarding 33.33% of common fund approach to plaintiffs' counsel*). In re AremisSoft Sec. Litig.*, 210 F.R.D. 109, 134 (D.N.J. 2002), the court stated that "[s]cores of cases exist where fees were awarded in the one-third to one-half of the settlement fund." *See, e.g., Erie County Retirees Ass'n v. County of Erie*, 192 F. Supp. 2d 369, 382-83 (38% of common fund was awarded in ADEA case); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 179-80 (W.D.N.Y. 2005) (almost 40% of $125,000 common fund awarded in a FLSA case); *Gilliam v. Addicts Rehab. Ctr. Fund*, Case No. 05-cv-3452, 2008 WL 782596, at *5 (S.D.N.Y. Mar. 24, 2008) (finding it reasonable to award class counsel a fee of one-third of the common fund); *Castillo v. Noodles & Co.*, No. 3:16-cv-03036, 2016 WL 7451626, at *3-4 (ND. Ill. Dec. 23, 2016) (awarding one-third of a $3,000,000 settlement fund in FLSA collective action settlement and citing Rule 23 cases); *Briggs v. PNC Financial Servs. Group*, No. 1:15-cv-10447, 2016 WL 7018566, at *3-4 (awarding one-third of $2,825,000 in settlement in settlement fund in FLSA overtime case); *Zolkos v. Scriptfleet, Inc.*, No. 12-cv-8230, 2015 WL 4275540, at *3 (N.D. Ill. July 13, 2015) (awarding one-third of a $900,000 settlement in FLSA claim); *Day v. NuCO2 Mgmt., LLC*, No. 1:18-cv-02088, 2018 WL 2473472, at *2 (N.D. Ill. May 18, 2018)(awarding one-third of $900,000 settlement in FLSA matter); *Koszyk v. Services, Inc.*, No. 16-cv-3571, 2016 WL 5109196, at *4 (N.D. Ill. Sept. 16, 2016) (awarding one-third of $2,825,000 FLSA settlement).

context of the work Plaintiff's Counsel has done in other cases. In this case, the settlement achieved is the result, in part, of Plaintiff's Counsel's work on the *Mullins* settlement, and also their work advancing the case law in pizza delivery cases. *See, e.g.*, Kimble Decl. ¶ 39. "In addition to the hours worked directly on this case, Plaintiff's counsel, having established an expertise in 'pizza delivery driver' litigation, have expended thousands of hours on similar cases which informed and enhanced their representation of Plaintiff here." *Mullins*, 2019 WL 275711, *5. Plaintiff's Counsel will put in additional work after the settlement is approved answering questions from class members and overseeing the distribution process. As a result, Plaintiff's Counsel's attorneys' fee request is reasonable.

Plaintiff's Counsel's litigation costs are $422, which relate to the filing fee and mediation costs. Plaintiff has kept costs low by requiring Defendants to pay for the costs of mediation as part of the parties' Joint Motion to Stay. Doc. 24, PageID 182.

Plaintiff's Counsel's requested attorneys' fees in the amount of $353,333 and costs of $422 are reasonable and should be approved.

Finally, the Claims Administrator's fees are expected to be $13,986.60. Kimble Decl., ¶¶ 21-23. The Claims Administration costs are reasonable and should be approved.

**7. The service award to Plaintiff should be approved.**

In its Order granting preliminary approval, the Court held that "the proposed service award is approved, absent any objections at the Final Fairness Hearing." Doc. 36, PageID 307. To date, no Class Member has objected the service award of $10,000 to Plaintiff. The award is in line with similar cases. *Brandenburg*, 2019 WL 6310376, *4; *Mullins*, 2019 WL 275711, at *7; *Arledge*, 2018 WL 5023950, at *6; *Casteel v. Antonio's Pizza, Inc.,* No. 1:18-cv-1277, Doc. 52 (N.D. Ohio May 17,

2019); *Young*, 2020 WL 969616, \*\*3-4; *Chrismon v. Meadow Greens Pizza*, No. 5:19-cv-155, 2020 WL 3790866, \*4 (E.D.N.C. Jul. 7, 2020).

Plaintiff's efforts in this case were important. Kimble Decl., ¶¶ 24, 25. None of the Class Members would have recovered anything without Plaintiff's efforts. "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook v. Niedert*, 142 F.3d 1004, 1006 (7th Cir. 1998). This is especially true in employment litigation. *See Velez v. Majik Cleaning Servs., Inc.*, No. 03 Civ. 8698, 2007 WL 7232783, \*7 (S.D.N.Y. June 25, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers."). Plaintiff asks that the Court approve the service award to Plaintiff.

## 8. Conclusion

For the reasons set forth above, Plaintiff respectfully requests that the Court grant his Motion for Final Settlement Approval and for an Award of Attorneys' Fees and Expenses and enter the Proposed Order.

Respectfully submitted,

/s/ Andrew Kimble
Andrew R. Biller
BILLER & KIMBLE, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620
abiller@billerkimble.com

Andrew P. Kimble

12

                                               Philip J. Krzeski
                                               BILLER & KIMBLE, LLC
                                               8044 Montgomery Road, Suite 515
                                               Cincinnati, OH 45236
                                               Telephone: (513) 202-0710
                                               Facsimile: (614) 340-4620
                                               akimble@billerkimble.com
                                               pkrzeski@billerkimble.com
                                               www.billerkimble.com

                                               *Counsel for Plaintiff and the collective/class*

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing was filed through the Court's ECF system and Defendants will receive a copy when an appearance is entered in this case.

*/s/ Andrew Kimble*
Andrew Kimble